IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLOPAY CORPORATION, an Ohio corporation, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No.   CV–23–228–RAW–JAR<br>) |
| JARED PRIEST, an individual, | )<br>)<br>) |
| Defendant. | ) |

FINDINGS AND RECOMMENDATIONS

  This matter comes before the Court on Defendant Jared Priest's Motion to Dismiss for Lack of Jurisdiction (Docket Entry #19) and Plaintiff's Motion for Confirmation of Arbitration, Entry of Judgment, and Award of Attorney's Fees and Costs (Docket Entry #12). Plaintiff filed the Application for Confirmation of Arbitration Award and Entry of Judgment on June 10, 2023. On June 25, 2023, United States District Judge Ronald A. White referred this case to United States Magistrate Judge Jason A. Robertson for all pretrial and discovery matters, including dispositive motions.

  This action arises from a dispute between Defendant and his former employer, Plaintiff Clopay, over the violation of employment agreements. Plaintiff alleges that following Defendant's termination in June 2022, he violated multiple restrictive covenants contained in employment agreements including violations of non-compete and non-solicitation clauses. Clopay thus initiated an arbitration proceeding in accordance with the arbitration clauses contained in the employment agreements. The Demand for Arbitration alleged claims for breach

of contract, violation of the Ohio Trade Secrets Protection Act, tortious interference with business relations, conversion, and civil conspiracy. Plaintiff additionally requested an emergency arbitration proceeding. Emergency arbitrator, Theodore K. Cheng was appointed to preside over the emergency proceeding. Following an evidentiary hearing, the arbitrator issued an interim order which enjoined Defendant from being employed by Plaintiff's competitor Horman, LLC or any other employer that would violate the non-competition covenant contained in the Separation Agreement and from soliciting business from former, current, or prospective Clopay customers Defendant interacted with during his employment with Clopay from the time of the order, June 6, 2023, through September 24, 2023. Additionally, the emergency arbitrator awarded Plaintiff $33,327.65 in attorneys' fees and costs incurred as a result of the emergency arbitration in a separate interim order. Following the arbitrator's issuance of Emergency Interim Orders 1 and 2, Plaintiff filed the present action before this court to confirm the arbitration awards contained in the Emergency Interim Orders alleging the Court had diversity jurisdiction as the parties are completely diverse and that the amount at issue exceeded $75,000. Along with the Application, Plaintiff additionally filed a Motion for Confirmation of Arbitration, Entry of Judgment, and Award of Attorney's Fees and Costs and Brief in Support. Defendant subsequently filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction in response to the applications for confirmation.

## Subject Matter Jurisdiction

Through the Motion to Dismiss for Lack of Subject Matter Jurisdiction

pursuant to FRCP 12(b)(1), Defendant contends that this Court lacks subject matter jurisdiction over Plaintiff's Application for Confirmation of Arbitration Award. Defendant specifically asserted, and Plaintiff conceded that this Court has no basis for federal question jurisdiction as there is no federal statute at issue in the Application outside of the Federal Arbitration Action (hereinafter "FAA"), which requires an independent basis for jurisdiction. Likewise, Defendant contends that this Court has no diversity jurisdiction because although the parties are completely diverse the amount in controversy requirement has not been met. Defendant argues that given the claims before this court the amount in controversy could not exceed the required $75,000.

"Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). The attack can be facial, which "questions the sufficiency of the complaint," or a factual, which goes beyond the complaint and "challenges the facts upon which subject matter jurisdiction depends." *Id.* at 1002–1003. Although when reviewing a facial attack, the court must accept the allegations in the complaint as true, when reviewing a factual attack the court is not required to presume the truthfulness of the allegations and has discretion to consider evidence outside the pleadings without converting the motion to a Rule 56 motion. *Id.* at 1003 (citing *Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir. 1987)). Defendant challenges the facts which create the basis for this Court's jurisdiction by arguing that there is no diversity jurisdiction because the amount in controversy in this action could not exceed $75,000.

In order for a Court to have jurisdiction to confirm an arbitration award

under section nine of the FAA, "there must be diversity of citizenship or some other independent basis for federal jurisdiction" because the FAA alone does not create federal-question jurisdiction. *P & P Indus., Inc. v. Sutter Corp.*, 179 F.3d 861, 866 (10th Cir. 1999) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983)); *see also Badgerow v. Walters*, 596 U.S. 1, 8 (2022). The Supreme Court has clarified that although a Court may "look through" to the underlying initial action to support federal question or diversity jurisdiction in petitions to compel arbitration, under section 4 of the FAA, it may not do so for Section 9 through 11 applications to confirm, vacate, or modify arbitral awards. *Badgerow,* 596 U.S at 8–11, 18–19. Thus, to establish jurisdiction in a federal district court, an application to confirm, vacate, or modify an arbitral award must include an independent basis of jurisdiction that in itself satisfies the requirements set forth in either 28 U.S.C. § 1331 or § 1332. *See id.* at 9.

As the parties agree there is no basis for federal question jurisdiction under §1331, in this case the Application must establish that the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs and is between citizens of different states. 28. U.S.C. § 1332. The parties agree that they are completely diverse, as citizens of different states, however, they disagree as to the amount in controversy. Defendant argues that the amount in controversy could never exceed $75,000 because, although the application alleges this, the only monetary controversy before this Court is valued at $33,327.65. Whereas Plaintiff urges the Court to accept the allegations that the amount in controversy exceeds $75,000 as true and offers that the amount in

controversy includes not only the $33,327.65 award in attorney's fees but also the potential, but not yet awarded, damages for the preliminary injunction.

When considering whether the amount in controversy is adequate, the court must accept the amount pled if made in good faith unless the defendant proves to a "legal certainty" that the claims do not meet the jurisdictional amount. *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1271 (10th Cir. 1998) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). Typically, the court should dismiss under the legal certainty standard only when "a contract limits the possible recovery, when the law limits the amount recoverable, or when there is an obvious abuse of federal court jurisdiction." *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1217 (10th Cir. 2003).

Although this Court recognizes the Application sets forth in good faith that the amount in controversy is $75,000, it is clear to a legal certainty that the claims before this Court do not exceed this amount. Plaintiff came before this Court to confirm the arbitration award set forth in Emergency Interim Orders 1 and 2, despite the outstanding arbitration claims. Because the arbitrator concluded there was a substantial likelihood that Clopay would prevail on the merits of its claims for breach of the non-competition and non-solicitation covenants, that Clopay would suffer irreparable injury if the injunction is not granted, that Defendant would not be unjustifiably harmed if the injunction is granted, and that public interest would be served by the injunction, Emergency Interim Order 1 granted in part Plaintiff's Motion for Preliminary Injunction. Specifically, this Order set forth that Defendant must, during the time period

between June 6, 2023, through September 24, 2023, refrain from being employed by Plaintiff's competitor Horman, LLC or any other employer that would violate the non-competition covenant contained in the signed Separation Agreement and from soliciting business from former, current, or prospective Clopay customers Defendant interacted with during his employment with Clopay. Emergency Interim Order 2 awarded Clopay a sum of $33,327.65, comprising of $20,966.40 in attorneys' fees and $12,361.25 in costs, in accordance with a prior agreement of the parties for the award of reasonable attorney fees and costs incurred as a result of the preliminary injunction. Although these awards only cover part of the issues before arbitration, these two awards are the only issues before this Court at this time. Despite Plaintiff's contention that the preliminary injunction contributes to the amount in controversy, this Court finds this argument unpersuasive. The controversy before this Court is merely the confirmation of the award of the arbitrator. This Court has no hand in the consideration of the preliminary injunction or its valuation as the parties have agreed to arbitrate such a controversy. Further, in accordance with precedent this Court will not look through to the underlying action to establish jurisdiction as Plaintiff suggests. As the only claims before this Court are the confirmation of an award of preliminary injunction and monetary award of $33,327.65 in attorneys' fees and costs, this Court finds that the jurisdictional amount in controversy is limited only to the monetary amount of these awards, which consists only of $33,327.65. Given that this award does not meet the threshold amount in controversy, this Court has no §1332 jurisdiction over the present action.

Nevertheless, even if the amount in controversy could meet the threshold requirement set forth in § 1332, this Court still would lack jurisdiction over the present Application for Confirmation of Arbitration as it is not a final determination upon which a final judgment can be entered. As set forth in the parties chosen governing rules of the arbitration, the American Arbitration Association's Employment Arbitration Rules and Mediation procedures, the Arbitrator has discretion to grant an interim remedy or relief that would have been available to the parties had the matter been heard in court. However, in order for a federal court to have jurisdiction to confirm an award under the FAA, the award must be final. *See Int'l Label Serv., Inc. v. Engineered Data Prod., Inc.*, 15 F. App'x 717, 719 (10th Cir. 2001) (holding that the question of a district court's jurisdiction is subject to a demonstration that: (1) there is a basis for federal question or diversity jurisdiction, (2) the parties agreed the arbitration award would be subject to judicial confirmation, and (3) the arbitration sought to be confirmed was final); *see also United Steelworkers of Am., AFL-CIO-CLC v. Ideal Cement Co., Div. of Ideal Basic Indus.*, 762 F.2d 837, 842 (10th Cir. 1985) (finding a district court "would have been powerless to enforce" an award that was not final). Although there is a lack of definitive guidance, from the Supreme Court and the Tenth Circuit, about what awards are to "be considered final for the purposes of judicial review under the FAA," other circuits and some district courts have considered partial awards and interim rulings to be final in some cases. *Johnson v. Dentsply Sirona Inc.*, No. 16-CV-0520-CVE-PJC, 2017 WL 4295420, at *3 (N.D. Okla. Sept. 27, 2017). Generally, these courts have considered interim award to be final when they "finally and definitively dispose[d]

of a separate and independent claim." *Id.* (citing *Island Creek Coal Sales Co. v. City of Gainesville*, 729 F.2d 1046, 1049 (6th Cir. 1984*), abrogated on other grounds by Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193 (2000))*; See e.g.* Zephyros Mar. Agencies, Inc. v. Mexicana De Cobre, S.A., 662 F. Supp. 892, 894 (S.D.N.Y. 1987); *Eurolines Shipping Co. v. Metal Transp. Corp.*, 491 F. Supp. 590, 592 (S.D.N.Y. 1980).

In this case the only award left to be confirmed is the arbitrator's award contained in "Emergency Arbitrator Interim Order no. 2," the monetary award of $33,327.65 in attorneys' fees and costs as the award contained in "Emergency Arbitrator Interim Order no. 1" awarded a preliminary injunction which expired on September 24, 2023 and therefore is now moot. In the employment agreement at hand the parties agreed that if an arbitrator finds the contract has been breached, the breaching party must reimburse the non-breaching party "for any and all costs and expenses (including, without limitation, attorneys' feed and legal expenses) incurred in connection with all such litigation." Application for Confirmation of Arbitration Award and Entry of Judgment and Brief in Support, Docket No. 2, Ex. 1. In light of this provision, this Court cannot find the award of attorney's fees and costs associated with the interim award to be final as this award could be offset when the arbitrator makes a final determination on the merits of this litigation. This Court lacks subject matter jurisdiction due to a failure to demonstrate jurisdiction under 28 U.S.C §1331 or §1332 and due to the absence of a final award to be confirmed as required by the FAA.

## CONCLUSION

Accordingly, the undersigned Magistrate Judge hereby recommends that

Defendant Jared Priest's Motion to Dismiss for Lack of Jurisdiction (Docket Entry #19) be **GRANTED**. Further, the undersigned Magistrate Judge hereby recommends that Plaintiff's Motion for Confirmation of Arbitration, Entry of Judgment, and Award of Attorney's Fees and Costs (Docket Entry #12) be found **MOOT** due to the granting of the dismissal. The parties are herewith given fourteen (14) days from the date of the service of these Findings and Recommendation to file any objections with the Clerk of the court. Any such objection shall be limited to ten (10) pages in length. Failure to object to these Findings and Recommendation within fourteen (14) days will preclude review of this decision by the District Court. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

    IT IS SO ORDERED this 8th day of December, 2023.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE